OPINION
{¶ 1} In this consolidated case, appellants, Tandem Regional Management of Virginia, Inc., Pleasant Lake Nursing Home, Inc., Ridge-Pleasant Valley, Inc., and Broadview Nursing Home, Inc., appeal from a journal entry of the Ohio Department of Health ("Department"). Because the Department's journal entry is not a final appealable order, we dismiss these appeals.
 {¶ 2} On February 3, 2003, appellee, Manor Care Health Services, Inc. ("Manor Care"), filed an application for a certificate of need ("CON") with the Department seeking approval for the construction of a 120-bed nursing facility in Parma, Ohio. Having received written objections to Manor Care's application, the Department held an adjudication hearing concerning the application pursuant to R.C. 3702.52(C). After that hearing, the Department's hearing officer issued a report and recommendation. The hearing officer recommended against granting the CON because the application failed to comply with Ohio Adm. Code sections 3701-12-232(A) and (C). The director of the Department, in a journal entry dated June 30, 2004, declined to accept the hearing officer's recommendation. However, the journal entry did not indicate what final action the director took on Manor Care's CON application.
 {¶ 3} Appellants appeal from that journal entry, assigning the following errors:[1]
 First Assignment of Error: The June 30, 2004, Journal Entry of the Ohio Department of Health granting CON File 8922-01-03 (the Decision) is not supported by reliable, probative, and substantial evidence.
Second Assignment of Error: The Decision is not in accordance with law, including R.C. § 3702.53(B) and O.A.C. §§ 3701-12-232(G) and 3701-12-08(G).
Third Assignment of Error: The Journal Entry fails to state the Director's decision, neither granting nor denying the certificate of need application.
 {¶ 4} Before we can address these assignments of error, we must first determine whether this court has jurisdiction to hear these appeals. Appellate courts in Ohio have jurisdiction to review final orders or judgments[2] of inferior courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03; Kouns v.Pemberton (1992), 84 Ohio App.3d 499, 501. Final and appelable orders are defined in R.C. 2505.02(B).[3] If an order is not final and appealable pursuant to R.C. 2505.02, this court does not have jurisdiction to consider the matter and, as a consequence, must dismiss the appeal.Elkins v. Access-Able, Inc., Franklin App. No. 04AP-101, 2004-Ohio-4101, at ¶ 15; Kouns at 501.
 {¶ 5} The primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution. Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 215. An appellate court "must look to the language employed in the purported judgment entry to ascertain whether the trial court's entry accomplishes that result." Id. To terminate the matter, an order must set forth the outcome of the dispute and contain a statement of the relief that the court is granting. Id. at 218; Keller v. Keller, Wayne App. No. 03CA0059, 2004-Ohio-2243, at ¶ 5. Simply put, for an order to be final, it must dispose of the issues before the court, including language which clearly provides the parties notice of their rights, duties and obligations and a "prescription for action" as a result of the order. Harkai at 216, quoting Walker v.Walker (Aug. 5, 1987), Summit App. No. 12978. The matters should be disposed of so that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined. Keller, quoting Lavelle v. Cox (Mar. 15, 1991), Trumbull App. No. 90-T-4396.
 {¶ 6} The Department's June 30, 2004 journal entry does not contain a clear statement of the outcome of the dispute or the relief ordered. The department's hearing officer recommended that the Department deny Manor Care's CON application on specific grounds. Although the journal entry indicates that the director did not accept that recommendation, it does not indicate whether the director granted or denied the CON application. Cf. Lyall v. Gerber, Summit App. No. 21405, 2003-Ohio-3590, at ¶ 9 (decision finding in favor of plaintiff without a statement of relief). Although it appears likely that the director intended to grant the CON application, our jurisdiction is triggered by the substance of the journal entry. Harkai at 220. Here, the journal entry fails to set forth the outcome of the dispute and the relief ordered. Accordingly, the journal entry is not a final appealable order pursuant to R.C. 2505.02. Because the Department's journal entry is not a final appealable order, we do not have jurisdiction to consider these appeals. Therefore, we dismiss the appeals.
Appeals dismissed.
Brown, P.J., and Lazarus, J., concur.
[1] Each appellant has assigned the same first and second assignments of error. Tandem Regional Management additionally assigned the third assignment of error. They are combined here for purposes of clarity.
[2] For purposes of determining our jurisdiction, final orders and judgments are the same. Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 214.
[3] The subsections of R.C. 2505.02(B) arguably relevant to this appeal are (1) and (2), which define final orders as those that (1) affect a substantial right in an action that in effect determines the action and prevents a judgment, and (2) affect a substantial right made in a special proceeding.