OPINION
{¶ 1} Defendant-appellant, Liberty Mutual Insurance Company ("Liberty Mutual"), appeals from a judgment of the Franklin County Court of Common Pleas denying its motion for reconsideration of the denial of its summary judgment motion. Because this judgment is not a final appealable order, we dismiss and remand.
 {¶ 2} On July 26, 1999, plaintiff-appellee, Mike Shambaugh, was involved in a motor vehicle accident while driving a company-owned vehicle in the course and scope of his employment with Ecolab, Inc. Seeking compensation for the injuries caused by the accident, Shambaugh and his wife, Cheryl Shambaugh, brought suit against the negligent driver. Although the Shambaughs eventually received $25,000 in settlement from the negligent driver, their injuries exceeded the amount recovered. Consequently, on April 12, 2004, the Shambaughs filed suit against Liberty Mutual seeking underinsured motorist coverage under a business automobile insurance policy Liberty Mutual had issued to Ecolab, Inc. In this lawsuit, the Shambaughs also sought underinsured motorist coverage from defendant-appellee Metropolitan Property and Casualty Insurance Company ("MetLife") under an automobile insurance policy MetLife had issued the Shambaughs.
 {¶ 3} On February 18, 2005, the Shambaughs filed a motion for partial summary judgment in which they requested that the trial court declare that the Liberty Mutual policy provided underinsured motorist coverage to Mike Shambaugh with a limit of $2,000,000. Subsequently, MetLife filed a motion for partial summary judgment requesting that the trial court declare that the Liberty Mutual policy provided underinsured motorist coverage on a primary basis. Days after MetLife filed its motion, Liberty Mutual filed a motion for summary judgment in which it argued that Mike Shambaugh was not entitled to any underinsured motorist coverage under its policy.
 {¶ 4} In a decision rendered June 20, 2005, the trial court denied Liberty Mutual's motion, but granted both the Shambaughs' and MetLife's motions. At the conclusion of the decision, the trial court requested that the parties prepare and submit a proposed judgment entry reflecting the rulings made in the decision. However, no such judgment entry appears in the record.
 {¶ 5} Instead of a judgment entry, the next document in the record is Liberty Mutual's motion for reconsideration. On August 17, 2005, the trial court issued a decision denying the motion for reconsideration and again requesting that the parties prepare and submit a proposed judgment entry. Apparently, the parties complied with this request because on September 1, 2005, the trial court issued the following judgment entry:
The matter comes before the Court on Defendant Liberty Mutual's Motion for Reconsideration and Motion for Oral Argument. Pursuant to this Court's August 16, 2005 decision, Defendant Liberty Mutual's Motion for Reconsideration and Motion for Oral Argument are hereby DENIED. The parties have agreed to submit this case for arbitration on the issue of damages, and to appeal the coverage issue. Therefore, this is a final appealable order and the Court finds that there is no just reason for delay.
 {¶ 6} Liberty Mutual filed the instant appeal from this judgment entry, assigning the following error:
THE TRIAL COURT ERRED IN DENYING LIBERTY MUTUAL'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 7} Although neither party has raised the issue, this court must initially determine whether we have subject-matter jurisdiction to consider the merits of this appeal. State exrel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 544. R.C. 2505.03 limits the jurisdiction of appellate courts to the review of final orders, judgments, and decrees. Id. "[T]he primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution." Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 215. See, also, R.C. 2505.02(B) (defining what type of orders, judgments, and decrees are final and appealable). In order to terminate an action, a final order, judgment, or decree must set forth the outcome of the dispute and contain a clear statement of the relief afforded to the parties. In the Matter of Manor Care ofParma, Franklin App. No. 04AP-768, 2005-Ohio-524, at ¶ 5;Harkai, supra, 215-216. In other words, the final order, judgment, or decree must address all of the issues submitted to the trial court for determination so that the parties may know, by referring solely to the order, judgment, or decree, the extent of their responsibilities and obligations. Yahraus v.Circleville (Dec. 15, 2000), Pickaway App. No. 00CA04.
 {¶ 8} In the case at bar, the judgment entry from which Liberty Mutual appeals does not include a statement delineating the parties' responsibilities and obligations. First, the judgment entry does not indicate the trial court's ruling upon the motions for summary judgment — the ruling Liberty Mutual challenges on appeal. Second, and more importantly, the judgment entry does not actually enter judgment for or against any party on any claim or issue. In the absence of such language, the judgment entry is not a final, appealable order.
 {¶ 9} At oral argument, Liberty Mutual argued that, if this court found that the judgment entry was not a final, appealable order, then the trial court's June 20, 2005 decision could serve as such. This argument is unavailing. "[A] court speaks only through its journal." State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, at ¶ 6. Pursuant to Civ.R. 58(A), "upon a decision announced * * * the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal." Thus, it is the journalized judgment, not the underlying decision, through which a court speaks. Accordingly, it is a judgment, not a decision, from which an appeal may lie. See Civ.R. 54(A) ("`Judgment' as used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code.").
 {¶ 10} For the foregoing reasons, we dismiss this appeal and remand this case to the Franklin County Court of Common Pleas for further proceedings in accordance with law.
Appeal dismissed and case remanded.
Petree and McGrath, JJ., concur.