OPINION *Page 2 
{¶ 1} In this case, the trial court granted default judgment without a hearing on December 5, 2007, in favor of appellee, JoAnne Capinjola, and against appellant, Deborah Stambaugh, and awarded damages in the amount of fifteen thousand dollars ($15,000.00). Appellant filed a motion to vacate judgment and for leave to file an answer instanter, which was denied. Appellant appeals the trial court's January 8, 2008, denial of the motion to vacate judgment and leave to file an answer instanter.
 STATEMENT OF FACTS AND CASE {¶ 2} On September 18, 2007, appellee JoAnne Capinjola, aka JoAnne Pitkin-Capinjola (hereinafter "J. Capinjola"), filed a complaint in Canton Municipal Court against appellant Deborah Stambaugh (hereinafter "Stambaugh"), William Capinjola and Phillip Teaford. On November 15, 2007, the matter was transferred to the Stark County Court of Common Pleas.
 {¶ 3} On December 3, 2007, appellee filed a motion for default judgment as to appellant. On December 5, 2007, appellee's motion was granted without a hearing, and the trial court awarded damages as averred in the complaint in the amount of fifteen thousand dollars ($15,000.00).
 {¶ 4} On December 4, 2007, William Capinjola moved to have himself dismissed as a party defendant. The trial court granted the motion and ordered that the matter remain pending as to the remaining parties. On December 31, 2007, Phillip Teaford filed a motion to dismiss which was denied. *Page 3 
 {¶ 5} On December 20, 2007, Stambaugh filed a motion to vacate judgment and for leave to file an answer instanter. On January 8, 2008, the trial court denied Stambaugh's motions.
 {¶ 6} It is from this decision that the appellant, Stambaugh, now seeks to appeal, setting forth the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ENTERING AND REFUSING TO VACATE A DEFAULT JUDGMENT AGAINST DEFENDANT-APPELLANT DEBORAH STAMBAUGH DESPITE THE TRIAL COURT'S LACK OF SUBJECT MATTER JURISDICTION WHICH RESULTS IN THE DEFAULT JUDGMENT BEING VOID.
 {¶ 8} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT-APPELLANT DEBORAH STAMBAUGH'S MOTION TO VACATE PURSUANT TO CIV.R.60 (B)(1).
 {¶ 9} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING A DEFAULT JUDGMENT AWARDING DAMAGES IN THE AMOUNT OF $15,000.00 WITHOUT EVIDENCE OR CONDUCTING A HEARING.
 {¶ 10} "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT-APPELLANT DEBORAH STAMBAUGH'S MOTION FOR LEAVE TO FILE AN ANSWER INSTANTER PURSUANT TO CIV.R.6 (B)(2)."
 {¶ 11} In the case sub judice, the record established that the matters between appellee JoAnne Capinjola and Phillip Teaford remain unresolved in the trial court. Furthermore, the trial court entry granting default judgment in favor of JoAnne Capinjola and against Deborah Stambaugh does not include 54(B) language. *Page 4 
 {¶ 12} Based upon the status of the record, prior to entertaining appellant's assignments of error, we must first sua sponte consider, whether appellant's appeal from the denial of her motion to vacate the default judgment has been taken from a final appealable order. See,State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E. 2d 72, (observing that whether subject-matter jurisdiction properly lies may be raised sua sponte by an appellate court).
 {¶ 13} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts." Section 3(B)(2), Article IV, Ohio Constitution; see, also, Gehm v. TimberlinePost Frame, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E. 2d 519, at ¶ 13. Absent a final order, an appellate court has no jurisdiction to review a matter, General Acc. Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 20, 540 N.E. 2d 266, and such a matter must be dismissed.Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996),117 Ohio App.3d 61, 64, 689 N.E. 2d 1015.
 {¶ 14} An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties is only a final appealable order if it meets the requirements of R.C.2505.02 and Civ. R. 54 (B).
 {¶ 15} Civ. R. 54(B) makes mandatory the use of the language, "there is no just reason for delay." Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable. Jarrett v.Dayton Osteopathic Hospital, Inc. (1985), 20 Ohio St.3d 77,486 N.E.2d 99; Whitaker-Merrell Co. v. Geupel Construction Co. (1972),29 Ohio St.2d 184, 280 N.E.2d 922. syllabus. *Page 5 
 {¶ 16} In this case the entry filed on December 5, 2007, granting default judgment is not a final order pursuant to R.C. 2505.02. The order does not resolve the rights and liabilities as to all the parties in the action and does not include the mandatory language of Civ. R. 54(B).Therefore, we must now consider whether the judgment entry denying appellant's motion to vacate the order granting default judgment is a final appealable order.
 {¶ 17} Generally, an order that denies a motion to vacate a judgment is final and appealable. Colley v. Bazell (1980), 64 Ohio St. 2d 243,416 N.E. 2d 605. However, when the underlying order, in this case the order granting default judgment, is itself not a final appealable order, neither is the subsequent judgment denying a motion to vacate it.Matrka v. Stephens (1991), 77 Ohio App. 3d 518, 602 N.E. 2d 1191. *Page 6 
 {¶ 18} In this case, since the entry granting the default judgment is not a final, appealable order, the order denying appellant's motion to vacate the default judgment is likewise not a final, appealable order. For this reason, we do not find that the trial court's judgment entry, from which the appellant seeks to appeal, is a final, appealable order pursuant to R.C. 2505.02. Accordingly, the appeal is hereby dismissed because this Court lacks jurisdiction to review the issues raised in the appeal.
 Edwards, J., Hoffman, P.J., and Wise, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Stark County Court of Common Pleas is dismissed. Costs assessed to appellant. *Page 1