[Cite as *Smithey v. Frost & Co., Inc.*, 2009-Ohio-3151.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

JAMES L. SMITHEY,

   PLAINTIFF-APPELLEE,              CASE NO. 2-09-08
   CROSS-APPELLANT,

  v.

FROST & CO., INC., et al.          O P I N I O N

   DEFENDANTS-APPELLANTS,
   CROSS-APPELLEES.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2008-CV-0452**

**Appeal Dismissed**
**Cross-Appeal Dismissed**

**Date of Decision:  June 29, 2009**

APPEARANCES:

   *Derek A. Younkman* **for Appellant**

   *R.C. Wiesenmayer* **for Appellee**

**WILLAMOWSKI, J.**

{¶1}   The defendants-appellants/cross-appellees, Frost & Co., Inc., now known as Frost Mechanical Holdings, Inc., and Frost Mechanical, Inc. (hereinafter referred to collectively as "Frost Mechanical"), appeal the January 16, 2009 journal entry of the Auglaize County Common Pleas Court.   Frost Mechanical contends that the trial court erred when it denied their motion for relief from judgment.  The plaintiff-appellee/cross-appellant, James L. Smithey, filed a cross-appeal challenging the same journal entry of the trial court.  On appeal, Smithey contends that the trial court erred by ordering the clerk of courts to retain the amount of the judgment he had obtained against Frost Mechanical.   For the reasons set forth herein, the appeal and cross-appeal are dismissed.

{¶2}   Smithey and John McCormick had been shareholders in Frost & Co., Inc., which in turn was the sole shareholder of Frost Mechanical, Inc. and another company.   On May 23, 2008, the parties entered into an agreement of reorganization in which Smithey's shares were redeemed.  In his capacity as the vice-president of Frost & Co., Inc. and as the president of Frost Mechanical, Inc., McCormick executed a cognovit note payable to Smithey in the amount of $115,000.   The note did not mature until May 23, 2010; however, Frost Mechanical was required to make quarterly interest payments beginning on May 23, 2008.  Frost Mechanical failed to make two quarterly interest payments.

**{¶3}** On December 30, 2008, Smithey accelerated the balance due on the note and filed a complaint for cognovit judgment. That same day, Frost Mechanical filed its answer confessing judgment, and the trial court entered judgment in the amount of $115,000 plus pre-judgment and post-judgment interest at the rate of 11%, late charges as provided in the note, and court costs. On January 9, 2009, the court garnished $118,856.17 from Frost Mechanical's bank account(s).

**{¶4}** On January 16, 2009, Frost Mechanical filed a motion for relief from judgment arguing that they were entitled to a set-off. The court also held a hearing on January 16, 2009, at which counsel argued the motion for relief from judgment. At the conclusion of the hearing, the court stated, "I'm not gonna set aside the judgment." (Hearing Tr., Mar. 12, 2009, at 26:15-16). The court then stated that Frost Mechanical was entitled to a set-off, but they would have to go through arbitration as provided by the agreement of reorganization. The court ordered the clerk of courts to retain and invest the $118,856.17. Following the hearing, the court filed a journal entry, which stated:

> **This matter came before the Court upon the request for hearing filed by the Defendants, upon issues of distribution of attached proceeds from a bank account(s) of the Defendants, Motion for relief from judgment pursuant to Civil Rule 60, and a request to set aside execution. Upon hearing, the Court FINDS that Defendants have not set forth good cause to vacate the Judgment pursuant to Civil Rule 60(B), and the Court further FINDS that Defendants and Plaintiff have entered into an agreement requiring notice of claims followed by binding arbitration, neither of which has yet been accomplished.**

**The Court further FINDS that the Defendants claim that they have unspecified set-offs, and therefore, this Court does hereby ORDER that the Clerk of this court shall retain the $118,856.17 she has received pursuant to Plaintiff's action to enforce its Cognovit Judgment. * * * The parties are instructed that either party may request a hearing at any time for distribution of said funds, and the Court will entertain such request. * * ***

**IT IS SO ORDERED.**

(Journal Entry, Jan. 16, 2009).

{¶5}    Frost Mechanical appeals the journal entry of the trial court, raising three assignments of error for our review.

*First Assignment of Error*

**The trial court erred to the prejudice of Appellants in that a meritorious defense of setoff was presented and the motion for relief from judgment was timely made.**

*Second Assignment of Error*

**The trial court erred to the prejudice of Appellants in that collateral attacks on cognovit judgments are liberally permitted and the movants have a lesser burden when the judgment sought to be vacated is a cognovit judgment.**

*Third Assignment of Error*

**The trial court erred to the prejudice of Appellants in that any doubts are required to be resolved in favor of movants who pursue relief from a cognovit judgment and as such the denial of the motion was unreasonable and an abuse of discretion.**

In his cross-appeal from the same journal entry, Smithey raises one assignment of error.

### *Cross-Assignment of Error*

**The trial court erred to the prejudice of the Cross-Appellant when it ordered that the $118,856.17 be retained by the Court, "until further Order of the Court".**

{¶6} Before considering the merits of the appeal or cross-appeal, we must first determine whether this court has subject-matter jurisdiction. Jurisdiction may be raised sua sponte on appeal. *Portman v. Mabe*, 3d Dist. No. 15-07-12, 2008-Ohio-3508, at ¶ 18, citing *Orthopedics and Sports Medicine, Inc. v. Stover*, 3d Dist. No. 14-06-32, 2007-Ohio-899, at ¶ 10, citing *Davison v. Rini* (1996), 115 Ohio App.3d 688, 686 N.E.2d 278. See also *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 544, 684 N.E.2d 72, citing *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 84, 661 N.E.2d 728.

> **R.C. 2505.03 limits the jurisdiction of appellate courts to the review of final orders, judgments, and decrees. [*White*, at 544]. "[T]he primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution." *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 215. See also R.C. 2505.02(B) (defining what type of orders, judgments, and decrees are final and appealable). In order to terminate an action, a final order, judgment, or decree must set forth the outcome of the dispute and contain a clear statement of the relief afforded to the parties. *In the Matter of Manor Care of Parma,* Franklin App. No. 04AP-768, 2005-Ohio-524, at ¶ 5; *Harkai,* supra, 215-216. In other words, the final order, judgment, or decree must address all of the issues submitted to the trial court for determination so that the parties may know, by referring solely to the order, judgment, or decree, the extent of their responsibilities and obligations. *Yahraus v. Circleville* (Dec. 15, 2000), Pickaway App. No. 00CA04.**

*Shambaugh v. Metro. Property and Cas. Ins. Co.*, 10th Dist. No. 05AP-949, 2006-Ohio-533, at ¶ 7.

{¶7} In this litigation, as in *Shambaugh*, the journal entry from which the appeal and cross-appeal are taken does not delineate the parties' responsibilities and/or obligations. See *Shambaugh*, at ¶ 8. The court made findings, but it did not rule upon any of the pending motions, including Frost Mechanical's Civ.R. 60(B) motion, nor did it "actually enter judgment for or against any party on any claim or issue." Id. We note the court's statement at hearing that relief from judgment would not be allowed. Such statement allows the inference that the motion for relief from judgment was denied. However, the "'court speaks only through its journal[,]'" and as stated above, the journal entry did not enter any judgment but instead stated the court's findings. Id. at ¶ 9, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 6. The court's journal entry of January 16, 2009 does not constitute a final appealable order, and both the appeal and cross-appeal must be dismissed for want of jurisdiction.

***Appeal Dismissed***
***Cross-Appeal Dismissed***

**ROGERS and SHAW, J.J., concur.**

**/jnc**