[Cite as *State v. Blair*, 2015-Ohio-5416.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102548

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWARD BLAIR, III

DEFENDANT-APPELLANT

## JUDGMENT:
### VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575294-A

**BEFORE:** E.T. Gallagher, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 24, 2015

**ATTORNEY FOR APPELLANT**

John F. Corrigan
405 Lake Forest Drive
Bay Village, Ohio 44140


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Melissa Riley
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Edward Blair III ("Blair"), appeals his conviction. He raises one assignment of error for our review:

> 1. The trial court committed prejudicial error by involving itself in the plea bargain process and threatening appellant with the maximum sentence if he exercised his right to trial by jury.

{¶2} However, an error in the trial court's procedure compels us to vacate the trial court's judgment and remand the case to the trial court for a new sentence.

## I. Facts and Procedural History

{¶3} Blair was charged with breaking and entering, felonious assault, aggravated menacing, carrying a concealed weapon, improper handling of a firearm, and two counts of having weapons while under disability. The charges included firearm and repeat violent offender specifications. Pursuant to a plea agreement, Blair pleaded guilty to attempted felonious assault, aggravated menacing, and having weapons while under disability, each with forfeiture specifications. The remaining charges and specifications were nolled. The court sentenced Blair to two years of community control sanctions on all counts, collectively, with a six-year suspended sentence.

{¶4} A few months later, the trial court found Blair in violation of his community control sanctions. Consequently, the court revoked his community control and imposed 36-month prison terms on each count. Blair subsequently filed this delayed appeal, in which he challenges the validity of his plea.

{¶5} Pursuant to *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 20, we sua sponte asked the parties to brief an issue not raised in the parties' briefs: whether the journal entry dated February 4, 2014 that sentenced Blair to community control sanctions was a valid judgment. We find this issue dispositive of this appeal.

## II. Void Sentence

**{¶6}** Blair appealed from a judgment finding him in violation of his community control sanctions and sending him to prison. On its face, this judgment would be a final, appealable order. However, we find the journal entry that sentenced Blair to community control sanctions is not a valid judgment because it violates Crim.R. 32(C) and Ohio's felony sentencing provisions.

**{¶7}** Crim.R. 32(C) provides that "[a] judgment entry of conviction shall set forth the fact of conviction and the sentence." "A sentence is a sanction or combination of sanctions imposed for an individual offense." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph one of the syllabus, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. Thus, a criminal "conviction" consists of both a finding of guilt and the imposition of a sentence. *See State v. Henderson*, 58 Ohio St.2d 171, 389 N.E. 2d 494 (1979).

**{¶8}** Ohio's felony sentencing scheme does not allow sentences to be grouped together in a "sentencing package." Rather, it requires a judge to impose a separate sentence for each offense, individually. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 8-9, citing R.C. 2929.11 through 2929.19. The statutory mandate that sentences must be imposed on offenses individually applies to community control sanctions. *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶ 19-27. Indeed, community control sanctions are criminal penalties subject to the sentencing provisions set forth in R.C. Chapter 2929.

**{¶9}** Thus, in *State v. Jones*, 8th Dist. Cuyahoga No. 102314, 2015-Ohio-2409, we held that "it is error for a trial court to sentence a defendant to a single term of community control sanctions for multiple convictions." The state acknowledges *Jones*, but argues our decision "is incorrect," and that we should follow *State v. South*, 120 Ohio Ohio St.3d 358, 2008-Ohio-6693, 899 N.E.2d 146, instead.

**{¶10}** In *South*, the Ohio Supreme Court reversed a judgment of the Third Appellate District that held that a journal entry imposing a single term of community control sanctions on multiple counts was not a final, appealable order. However, the Ohio Supreme Court did not provide any opinion or reasoning for its reversal. And despite *South*, the Third Appellate District continues to hold that a blanket sentence of community control sanctions on multiple counts is not a valid sentence, and is therefore not a final, appealable order. *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶ 24.

**{¶11}** Blair was convicted of three charges, and the trial court imposed community control sanctions on all the charges in a blanket sentence. Because Crim.R. 32(C) requires the court to impose a separate sentence on each count individually, the court's original sentencing entry is contrary to law. A sentence that does not comply with statutorily mandated terms is void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, citing *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984). Therefore, the February 4, 2014 journal entry that sentenced Blair to community control sanctions is void.

**{¶12}** The state argues that because Blair never appealed any error arising from the February 4, 2014 journal entry, he is barred by res judicata from doing so now. However, a nonfinal order cannot become res judicata because it was never ripe for appeal. *Id*. at ¶ 25.

**{¶13}** Having determined that the court's original sentencing entry is a nullity, the trial court could not find Blair in violation of it. Accordingly, we vacate both the the trial court's original sentence and the judgment revoking community control. We further remand this case to the trial court to resentence Blair on each count to which he pleaded guilty.

**{¶14}** Two judgments vacated and cause remanded to trial court for de novo resentencing on each count individually.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR