[Cite as *Ohio Bd. of Motor Vehicle Repair v. Tintmasters Internatl., L.L.C.*, 2017-Ohio-8002.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ohio Board of Motor Vehicle Repair, | : | |
| Plaintiff-Appellee, | : | |
| | : | Nos. 16AP-749 |
| v. | : | 16AP-864 |
| | | 16AP-865 |
| Tintmasters International, LLC et al., | : | |
| | | (C.P.C. No 15CV-9470) |
| Defendants-Appellees. | : | |
| [Michael L. Griffin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant]. | : | |

---

D E C I S I O N

Rendered on September 29, 2017

---

**On brief:** *Michael DeWine*, Attorney General, *Peter L. Jamison* and *Tyler J. Herrmann*, for appellee. **Argued:** *Peter L. Jamison*.

**On brief:** *Michael L. Griffin*, pro se. **Argued:** *Michael L. Griffin*.

---

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Michael L. Griffin, appeals judgments of the Franklin County Court of Common Pleas that (1) granted summary judgment to plaintiff-appellee, the Ohio Board of Motor Vehicle Repair ("the Board"), (2) denied Griffin's motion to set aside or vacate the judgment granting the Board summary judgment, and (3) found moot

Griffin's request for findings of fact and conclusions of law and struck Griffin's request for judicial notice. Because we lack jurisdiction over these appeals, we dismiss them.

{¶ 2} The Board has the obligation to enforce R.C. Chapter 4775, which mandates the registration of motor vehicle collision repair operators and motor vehicle window tint operators.[1] The Board contends that Tintmasters International, LLC ("Tintmasters"), Griffin, and the Michael Lance Griffin Trust ("the Trust") have performed collision repairs and window tint installations at four Cincinnati locations under various trade names. Neither Tintmasters, Griffin, nor the Trust have ever registered with the Board.

{¶ 3} In a complaint filed October 23, 2015, the Board filed suit against Tintmasters and Griffin. The Board later amended its complaint to include the Trust as a defendant. In its amended complaint, the Board asserted that defendants' failure to register violates R.C. 4775.02(A) because each defendant is a motor vehicle collision repair operator or motor vehicle window tint operator. The Board, therefore, requested that the trial court issue: (1) a declaratory judgment stating that all defendants act as motor vehicle collision repair operators or motor vehicle window tint operators and must register with the Board; (2) an injunction enjoining all defendants from committing any acts or practices that violate R.C. Chapter 4775; (3) an order requiring defendants to pay fees for the years in which they operated while unregistered, totaling $4,125; and (4) an order requiring defendants to pay a fine of $4,000.

{¶ 4} On July 29, 2016, the Board moved for summary judgment. The trial court granted the Board's motion in a judgment dated September 30, 2016. Griffin then moved to set aside or vacate the September 30, 2016 judgment. In a judgment issued November 22, 2016, the trial court denied that motion.

{¶ 5} Dissatisfied with the November 22, 2016 judgment, Griffin requested that the trial court issue findings of fact and conclusions of law. In a separate motion, Griffin requested that the trial court take judicial notice of a list of statements of law drawn from case law, statutes, and procedural rules. On December 8, 2016, the trial court entered a judgment finding that Griffin's request for findings of fact and conclusions of law was

---

[1] Specifically, R.C. 4775.02(A) states, "No person shall act as a motor vehicle collision repair operator or motor vehicle window tint operator unless the person is registered in accordance with this chapter." Pursuant to R.C. 4775.04(A)(6), the Board has the power and duty to "[d]o all acts and perform all functions as are necessary for the administration and enforcement of this chapter."

moot. In the same judgment, the trial court also struck Griffin's request for judicial notice. Griffin now appeals from the September 30, November 22, and December 8, 2016 judgments.

{¶ 6} Although no party has questioned our jurisdiction over this appeal, our own review of the September 30, 2016 judgment has prompted this court to suspect that we do not have a final, appealable order before us. In such a situation, we must sua sponte consider whether we possess the jurisdiction necessary to hear this appeal. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997); *Leonard v. Huntington Bancshares, Inc.*, 10th Dist. No. 13AP-843, 2014-Ohio-2421, ¶ 8.

{¶ 7} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." To qualify as a final, appealable order, an order must satisfy the requirements of R.C. 2505.02. *IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7. Pursuant to R.C. 2505.02(B)(1), an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶ 8} If the appealed judgment does not constitute a final, appealable order, an appellate court lacks jurisdiction to review it. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14. Consequently, in the absence of a final, appealable order, an appellate court must dismiss the appeal. *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 11.

{¶ 9} The primary function of a final order is the termination of the action that the parties have submitted to the trial court for resolution. *Harkai v. Scherba Indus., Inc.*, 136 Ohio App.3d 211, 215 (9th Dist.2000). To terminate an action, a judgment must set forth the outcome of the dispute and contain a clear statement of the relief afforded to the parties. *In re Adoption of S.R.A.*, 189 Ohio App.3d 363, 2010-Ohio-4435, ¶ 17 (10th Dist.); *Shambaugh v. Liberty Mut. Ins. Co.*, 10th Dist. No. 05AP-949, 2006-Ohio-533, ¶ 7; *In re Manor Care*, 10th Dist. No. 04AP-768, 2005-Ohio-524, ¶ 5. A judgment does not terminate an action unless it addresses all the matters raised with enough specificity so that the parties can determine with reasonable certainty the extent of their

responsibilities and obligations solely by referring to the judgment.  *Leonard v. Pilkington*, 10th Dist. No. 14AP-650, 2015-Ohio-1432, ¶ 25; *Brown v. Brown*, 183 Ohio App.3d 384, 2009-Ohio-3589, ¶ 18 (4th Dist.); *Shambaugh* at ¶ 7.

{¶ 10} A judgment that does not specify the relief granted does not terminate the action and does not constitute a final, appealable order.  *Bykova v. McBrayer*, 8th Dist. No. 100172, 2013-Ohio-5745, ¶ 3; *Downard v. Gilliland*, 4th Dist. No. 10CA2, 2011-Ohio-1783, ¶ 10; *accord Stamatopoulos v. All Seasons Contracting, Inc.*, 8th Dist. No. 101439, 2015-Ohio-1141, ¶ 21 ("[A] fundamental principle in the interpretation of judgments is that, in order to terminate the matter, the order must contain a statement of relief that is being afforded to each of the parties to that action on each of the claims.").  Thus, a judgment that grants summary judgment alone, without providing any remedy, is interlocutory and not appealable.  *Cirino v. Ohio Bur. of Workers' Comp.*, 8th Dist. No. 104102, 2016-Ohio-8323, ¶ 119-22 (the defendants could not appeal a judgment granting the plaintiffs summary judgment because the order did not impose the declaratory and injunctive relief sought in the complaint); *Premium Beverage Supply, Ltd. v. TBK Prod. Works, Inc.*, 10th Dist. No. 14AP-90, 2014-Ohio-4171, ¶ 14-17 (no final, appealable order where the trial court granted summary judgment, but failed to declare the parties' rights and obligations); *State ex rel. Fisher v. Cleveland*, 8th Dist. No. 82389, 2003-Ohio-2754, ¶ 8 (the judgment granting the plaintiffs summary judgment was not a final order because it did not expressly grant the plaintiffs the injunctive relief requested).

{¶ 11} Here, while the trial court granted the Board summary judgment, it failed to set forth any remedy.  The September 30, 2016 judgment did not declare the parties' rights and obligations, enjoin the defendants from taking any action, or order the payment of past-due fees or fines.  Because the September 30, 2016 judgment did not expressly afford any relief, it is not a final, appealable order.

{¶ 12} We note that the trial court's November 22 and December 8, 2016 judgments both represent that the September 30, 2016 judgment: (1) enjoined defendants from conducting collision repair or window tint operation at any location unless and until they register with the Board, (2) ordered defendants to pay back registration fees in the amount of $4,125, and (3) imposed a $4,000 statutory fine.  In actuality, the September 30, 2016 judgment did not set forth any of that relief.  Moreover, even if we

construed the September 30, 2016 judgment to implicitly proclaim such relief, we encounter another problem: this action contains multiple claims, but the trial court failed to grant relief as to each claim.

{¶ 13} If an action involves multiple claims, but the appealed order does not enter a judgment on all the claims, then the order must also satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." *IBEW, Local Union No. 8*, 116 Ohio St.3d 335, 2007-Ohio-6439, at ¶ 7, quoting Civ.R. 54(B). Without the necessary Civ.R. 54(B) language, a judgment that adjudicates fewer than all the claims "shall not terminate the action as to any of the claims * * *, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * *." Civ.R. 54(B); *accord Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989) ("Unless [the] words ["there is no just reason for delay"] appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable."). Because such a judgment is not final, an appellate court may not review it. *IBEW* at ¶ 8.

{¶ 14} In this case, the amended complaint sought declaratory relief, in addition to injunctive relief, past-due fees, and a fine. The November 22 and December 8, 2016 judgments did not resolve the declaratory judgment claim because they did not declare the parties' rights and responsibilities under the law. Thus, to constitute a final, appealable order, the September 30, 2016 judgment would have had to include Civ.R. 54(B) language. It does not. Consequently, even if we imported the later-articulated statements of relief into the September 30, 2016 judgment, it still would not qualify as a final, appealable order.

{¶ 15} We next examine whether the November 22, 2016 judgment denying Griffin's motion to vacate is a final, appealable order. When a judgment under challenge by a motion to vacate is not a final, appealable order, then the subsequent judgment denying the motion to vacate is not a final, appealable order either. *Jack Maxton Chevrolet, Inc. v. Hanbali*, 10th Dist. No. 15AP-816, 2016-Ohio-1244, ¶ 7; *Wells Fargo Bank, NA v. Vasquez*, 9th Dist. No. 13CA0086-M, 2015-Ohio-717, ¶ 6; *Straquadine v. Crowne Point Care Ctr.*, 10th Dist. No. 10AP-607, 2012-Ohio-1152, ¶ 11; *Capinjola v. Stambaugh*, 5th Dist. No. 2008-CA-00030, 2008-Ohio-4059, ¶ 17. Here, because the

trial court's September 30, 2016 judgment does not constitute a final, appealable order, the November 22, 2016 judgment refusing to vacate the earlier judgment, likewise, does not constitute a final, appealable order.

{¶ 16} Finally, we turn to the December 8, 2016 judgment. That judgment did nothing to terminate the action. Additionally, Griffin may appeal the issues addressed in the motions underlying that judgment after the trial court enters a judgment stating the relief granted. We thus conclude that the December 8, 2016 judgment is not a final, appealable order. *See Bell v. Mount Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993) (an order does not affect a substantial right unless the inability to immediately appeal it would deny the aggrieved party effective relief in the future).

{¶ 17} As none of the appealed judgments constitutes a final, appealable order, we lack jurisdiction over these appeals. Consequently, we dismiss them.

*Appeals dismissed.*

SADLER and DORRIAN, JJ., concur.