[Cite as *Cleveland v. Lucas*, 2018-Ohio-167.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105521**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# ALLAN LUCAS

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2015 CRB 017990

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 18, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By:   Michael V. Heffernan
          Brant N. Dichiera
          John T. Martin
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland
Director of Law
By: Patricia McGinty Aston
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio    44114

SEAN C. GALLAGHER, J.:

{¶1} Allan Lucas appeals his conviction stemming from several violations of the building and housing codes. We dismiss this appeal for the lack of jurisdiction.

{¶2} Lucas was apparently charged with 42 counts of failing to comply with one notice to correct two violations under the Ohio Basic Building Code and the Cleveland Housing Code, first issued in November 2014. In the notice of violation, Lucas was cited for failure to maintain the decking on the second-floor porch and the failure to maintain the paint on the exterior wood trim on the house located at 2175 W. 100 Street, in violation of Cleveland Codified Ordinances ("C.C.O.") 369.13 and 369.15(a). The city has not demonstrated from the record that Lucas was ever notified of any specific "building code violations." According to the city, each day of noncompliance with the notice to correct violations constitutes a separate offense and Lucas failed to comply between July 2, 2015 and July 22, 2015. In February 2016, Lucas pleaded no contest to and was found guilty of a single, misdemeanor "Charge 1 M1 BVC Building Code Violation." This was not a final judgment of conviction even though the court imposed community control sanctions. *Cleveland v. United States Bank, N.A.*, 2016-Ohio-7402, 72 N.E.3d 1123, ¶ 12 (8th Dist.).

{¶3} In order to find Lucas guilty of the first-degree misdemeanor charges, the court was required to consider the explanation of circumstances. R.C. 2937.07. Instead, when discussing the nature of the proceedings, the city claimed that the property was

vacant, generally in disrepair, and full of junk and feral cats. None of those allegations were contained in the original notice of violations that formed the basis of the failure to comply charges. The original notice to correct violations, upon which the current case is based, only included the failure to maintain the paint on the exterior trim of the building and the failure to repair decking on the second-story porch.

{¶4} Lucas was convicted of 21 violations of C.C.O. 3103.25(e), which imposes criminal sanctions for a defendant's failure to comply with an order or notice to repair issued under the building code. The housing code violations merged into the building code violations. As part of the community control sanctions, the trial court stated that Lucas's properties must be brought up to full compliance.

{¶5} Lucas, representing himself pro se, objected to the requirement in light of the fact that the city had only issued one notice of violation for one of his properties. The trial court disagreed, and indicated it would require Lucas to fix every property he owned. This is a concerning statement in light of the criminal nature of the charges. Those charges carry significant penalties and repercussions — each of the 21 counts subjects Lucas to a potential fine of $1,000 and 180 days of imprisonment, up to a maximum term of imprisonment of 18 months. It is one thing to find a violation of community control sanctions occurred if an offender fails to take remedial measures upon receiving new violations through the administrative process; it is another altogether to force offenders to take remedial steps before the criminal violations even occur — one cannot violate C.C.O. 3103.25(e) without a notice of violation or order being administratively issued.

**{¶6}** The tenor of the trial court's "sanctions" are concerning; but under C.C.O. 367.99, the city is evidently permitted to prosecute, convict, and punish any offender who has been convicted under the housing code without the "necessity of issuing a new order or notice, until full compliance has been had on such order or notice upon which the original conviction was had." That section is a penalty section, yet it appears to define the procedures for initiating new criminal charges against defendants — each day of noncompliance constitutes a separate offense — without regard for any applicable criminal rule. Nevertheless, that rule is limited to enforcing compliance with the original notice of violation or order issued; it does not permit courts or the city to command perpetual compliance for all violations. Further, the trial court merged the C.C.O. 367.99 offenses into the C.C.O. 3103.25(e) offenses in this case and that latter section does not contain the same enforcement mechanism.

**{¶7}** Regardless, the court imposed a $4,000 fine and a one-year term of community control sanctions, but did not explicitly state that the penalty applied to each individual failure to comply with an order under the building code. The trial court merged the 21 housing code violations into the 21 building code ones. "Only one document can constitute a final appealable order," and that single entry must satisfy every requirement of Crim.R. 32(C). *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17. This court sua sponte determined that the February 6, 2017 order appeared to be an impermissible sentence because only one sentence was imposed without reference to each count upon which the guilty finding was made.

{¶8} The parties were directed to brief the following jurisdictional issues: (1) Given the appearance of the February 2016 journal entry, one charge and one sentence for that charge, did the trial court impose a final, appealable order at that time? And (2) Does the February 2017 order impose a blanket sentence under *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824; *State v. Dumas*, 8th Dist. Cuyahoga No. 95760, 2011-Ohio-2926; and *State v. Blair*, 8th Dist. Cuyahoga No. 102548, 2015-Ohio-5416?

{¶9} Lucas responded and agreed that there was no final appealable order and, additionally, that the case should be remanded for a de novo sentencing.

{¶10} The city disagrees and claims that Lucas waived the jurisdictional defect by failing to object to the magistrate's decision in which the single sentence disposing of all counts originated or, in the alternative, that under *State v. South*, 120 Ohio St.3d 358, 2008-Ohio-6693, 899 N.E.2d 146, not all such sentences deprive the appellate court of jurisdiction. We reject both arguments.

{¶11} The city has not cited any authority for its belief that Lucas can waive a jurisdictional defect originating in the magistrate's decision adopted by the trial court. App.R. 16(A)(7). Instead, the city relies on Crim.R. 19(D)(3)(b)(iv), which provides that a party may not assign error on appeal for the court's adoption of any factual finding or legal conclusion. Crim.R. 19(D), dealing with the waiver of right to assign adoption of magistrate's decision by the trial court as error on appeal, does not provide any support for the city's argument. It is well settled that "[a] jurisdictional defect cannot be

waived." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 74, 1998-Ohio-275, 701 N.E.2d 1002, 1007. "This means that the lack of jurisdiction can be raised at any time, even for the first time on appeal." *Id.*, citing *In re Byard*, 74 Ohio St.3d 294, 296, 658 N.E.2d 735 (1996); *Falah v. Falah*, 9th Dist. Medina No. 15CA0039-M, 2017-Ohio-1087, ¶ 15 (failure to object to magistrate's decision did not preclude party from challenging jurisdictional defects for the first time on appeal). Further, as was the done in this case, when it appears there is a jurisdictional defect in the appeal, the court must sua sponte determine its own jurisdiction before proceeding. *Ohio Bd. of Motor Vehicle Repair v. Tintmasters Internatl., L.L.C.*, 10th Dist. Franklin Nos. 16AP-749, 16AP-864, and 16AP-865, 2017-Ohio-8002, ¶ 6, citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72; *Leonard v. Huntington Bancshares, Inc.*, 10th Dist. Franklin No. 13AP-843, 2014-Ohio-2421, ¶ 8. Whether Lucas failed to object to the magistrate's decision is irrelevant to this court's jurisdiction. *Blair* at ¶ 12.

{¶12} Finally, the city resurrects an argument already rejected with respect to single sentences imposed over multiple counts. The city claims that under *South* not all such sentences deprive the appellate court of jurisdiction even though not all counts are expressly resolved. In *South*, the Ohio Supreme Court reversed a judgment of the Third District, which had held that a journal entry imposing a single term of community control sanctions on multiple counts was not a final, appealable order. *See also State v. Goldsberry*, 120 Ohio St.3d 275, 2008-Ohio-6103, 898 N.E.2d 46. There was no reason

or authority given for the Ohio Supreme Court's decision. *Blair,* 8th Dist. Cuyahoga No. 102548, 2015-Ohio-5416, at ¶ 10. It has been noted, however, that in those cases in which the Ohio Supreme Court implicitly held that appellate courts have jurisdiction over a blanket sentence for multiple offenses, the defendants had violated community control and already received a prison term. *State v. Jones*, 8th Dist. Cuyahoga No. 102314, 2015-Ohio-2409, ¶ 10, citing *Dumas*, 8th Dist. Cuyahoga No. 95760, 2011-Ohio-2926, at ¶ 16. *South* did not overrule *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, and in this case, Lucas had not been sentenced to prison based on a violation of the community control sanctions, which at the least would have made *South* arguably relevant to this discussion.

**{¶13}** In this case, the trial court imposed a sentence for 21 charges, noting that each day constituted a separate charge under both the building code and the housing code. The court then imposed the $4,000 fine and the one-year community control sanction, but did not explicitly state that the penalty applied to each individual charge. An appellate court lacks jurisdiction in the absence of a final, appealable order. *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 21. One of the reasons behind this jurisdictional exercise is to ensure finality. We cannot ignore jurisdictional defects for the sake of expediency. Judgments or orders issued by a court in want of jurisdiction are void as a matter of law and subject to collateral attacks at any time. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46. There is no

final, appealable order disposing of all charges, and therefore, we dismiss for the want of jurisdiction.

It is ordered that appellant recover from appellee costs herein taxed. It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR