[Cite as *State v. Goodson*, 2020-Ohio-3723.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108973 |
| v. | : | |
| MARTIN L. GOODSON, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636259-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chadwick P. Cleveland, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Defendant-appellant Martin L. Goodson ("Goodson") appeals the trial court's decision to deny his motion to suppress. For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

**{¶ 2}** In 2019, Goodson was charged with one count of drug trafficking and one count of possessing criminal tools; both counts contained forfeiture specifications. Both charges were fifth-degree felonies. Goodson filed a motion to suppress, which the trial court denied after holding a hearing. The matter proceeded to a jury trial. From what this court can glean from the record, the jury was hung on the drug trafficking count, so the state asked the court to nolle the drug trafficking count, and the jury returned a guilty verdict on the lesser-included offense of drug possession, a fourth-degree misdemeanor. The jury also found Goodson guilty of possessing criminal tools, a first-degree misdemeanor.

**{¶ 3}** At the sentencing hearing, the trial court ordered forfeiture of the scale, return of $1,244 to Goodson, waiver of court costs and fines, and sentenced Goodson to "time served" on both counts.

**{¶ 4}** Goodson filed a timely appeal and raises the following assignment of error for our review:

> I. The trial court erred in denying Appellant's motion to suppress because "gaming agents" are not empowered to arrest a person outside a casino for conduct not described in Chapter 3772 of the Revised Code, not occurring within the casino, and not having to do at all with casino gaming.

**{¶ 5}** After Goodson and the state filed their briefs on appeal, this court sua sponte issued the following show cause order:

> Sua sponte, appellant is ordered to show cause why this appeal should not be dismissed for lack of a final appealable order on or before March 6, 2020. The trial court appears to have imposed a blanket sentence of time served covering the two counts for which appellant was convicted. Appellant shall address *State v. Blair*, 8th Dist.

Cuyahoga No. 102548, 2015-Ohio-5416, ¶ 11. Appellee shall file a responsive brief on or before March 13, 2020.

Motion no. 536287.

**{¶ 6}** The parties filed their respective briefs. Goodson argued that although the trial court imposed a blanket sentence of time served on both counts, it was the result of a clerical error, which could be corrected by a nunc pro tunc entry or a remand to the trial court. The state posited that the case should be dismissed for lack of a final, appealable order based on the blanket sentence the trial court imposed.

**{¶ 7}** After careful consideration, we find that we do not have jurisdiction to consider this appeal. "When it appears there is a jurisdictional defect in the appeal, the court must sua sponte determine its own jurisdiction before proceeding." *Cleveland v. Fano*, 8th Dist. Cuyahoga No. 106135, 2018-Ohio-1407, ¶ 3, citing *Cleveland v. Lucas*, 8th Dist. Cuyahoga No. 105521, 2018-Ohio-167, ¶ 11, citing *Ohio Bd. of Motor Vehicle Repair v. Tintmasters Internatl., L.L.C.*, 10th Dist. Franklin Nos. 16AP-749, 16AP-864, and 16AP-865, 2017-Ohio-8002, ¶ 6. In *Lucas* and in *Fano*, this court dismissed an appeal from the Cleveland Municipal Court due to a lack of a final, appealable order for multiple misdemeanor violations of Cleveland's housing code. *See Lucas* at ¶ 13 and *Fano* at ¶ 4. In both cases, this court found that the trial court issued a blanket sentence for multiple charges but did not explicitly state that the penalty applied to each individual charge. *See Lucas* at *id.* and *Fano* at ¶ 2.

**{¶ 8}** Here, the trial court told Goodson: "I'm just going to give you time served." Thus, the trial court sentenced Goodson to time served on both counts, but did not state that it was giving him a separate sentence of time served on each conviction. Following this court's holdings in *Lucas* and *Fano*, the trial court's imposition of a blanket sentence for more than one conviction violates *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, and *State v. Dumas*, 8th Dist. Cuyahoga No. 95760, 2011-Ohio-2926. Because individual sentences were not imposed at the sentencing hearing, a nunc pro tunc entry cannot remedy this omission. *Fano* at *id.*, citing *State v. Nave*, 8th Dist. Cuyahoga Nos. 105286 and 105288, 2018-Ohio-485, ¶ 2. There is no final, appealable order because the trial court's entry was not a final judgment of conviction since it lacked a sentence for each count. Therefore, we dismiss for lack of jurisdiction.

**{¶ 9}** Accordingly, the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR