[Cite as *State v. Armstrong*, 2017-Ohio-8801.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0131** |
| AUNDRE L. ARMSTRONG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2008 CR 00471.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Gilbert W.R. Rucker, III*, 1569 Woodland St., N.E., Suite 10, Warren, OH 44483 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Aundre L. Armstrong, appeals from the November 17, 2015 judgment of the Trumbull County Court of Common Pleas, denying his pro se motion to vacate and set aside his sentence. For the following reasons, the judgment of the trial court is affirmed.

{¶2} On June 6, 2008, appellant was arraigned in the Warren Municipal Court and pled not guilty to burglary, a second-degree felony in violation of R.C. 2911.12(A)

and (C).  Appellant waived a preliminary hearing and was bound over to the Trumbull County Court of Common Pleas on July 1, 2008.

**{¶3}**  On July 31, 2008, the Trumbull County Grand Jury indicted appellant on three counts of burglary, second-degree felonies in violation of R.C. 2911.12(A) and (C). All three counts involved the burglary of the same residence on three separate occasions.

**{¶4}**  One year later, on July 31, 2009, appellant entered into a plea agreement with appellee, the state of Ohio.  The state initially agreed not to prosecute Count 3 of the indictment if appellant agreed to withdraw his not guilty pleas, enter an oral and written plea of guilty to Counts 1 and 2, and submit to a presentence investigation.

**{¶5}**  A document titled, "Finding on Guilty Plea to the Amended Indictment," which embodies the plea agreement, was filed on July 31, 2009.  While there is not an "amended" indictment in the record, the document references three counts of burglary, which is consistent with the original indictment.  The document is typewritten, but has been altered and initialed in several places.  One alteration essentially deletes reference to a plea to Count 2.  That deletion is initialed, apparently by the assistant prosecutor and defense counsel.  There is also an initialed addition that indicates: "State to Nolle Count 3 **& 2**" (bold portion is handwritten).  This document was signed by appellant.

**{¶6}**  Appellant's original plea and sentence was taken and imposed by a now-retired judge.  The October 15, 2009 sentencing entry states that a sentencing hearing was held on October 1, 2009, and that appellant was convicted of Counts 1 and 2. However, appellant was only sentenced to one five-year term of community control. Furthermore, the court stated in the sentencing entry that if appellant violated the terms and conditions of community control, the court could impose a more restrictive sentence

2

of "a prison term of 8 years." Neither the transcript of the plea hearing nor the transcript from the sentencing hearing is part of our record on appeal, and nothing in the record indicates Count 2 was disposed of by plea, nolle, or dismissal prior to the entry of sentence. Appellant did not appeal this judgment.

{¶7} Appellant was subsequently charged with violating the terms of his community control. At a hearing held December 22, 2011, appellant pled guilty to the violation. The trial court made a finding of guilty and advised appellant that "any further violations could result in a prison sentence of 8 years." The trial court ordered appellant to continue community control with the additional sanction of fulfilling the Northeast Ohio Community Alternative Program.

{¶8} Appellant was again charged with violating the terms of his community control and a hearing was held on November 13, 2014. Appellant was represented by counsel and entered a plea of guilty to the alleged violations. The trial court revoked appellant's community control and sentenced him to a prison term of eight years on Count 1 and eight years on Count 2, to be served concurrently, for a total prison term of eight years. Appellant was also advised that after his release from prison he would be subject to a mandatory three years of post-release control, and he was advised of the consequences of violating post-release control. The sentencing entry was filed November 25, 2014. Appellant did not appeal this judgment.

{¶9} Approximately one year later, on November 16, 2015, appellant filed a pro se motion to vacate and set aside his sentence. Appellant argued his sentence was void. On November 17, 2015, the trial court denied appellant's motion without hearing.

3

Appellant filed a timely pro se notice of appeal from the trial court's November 17, 2015 judgment entry.

{¶10} As a result of questions raised by the written plea agreement and sentencing entry, this court remanded the matter to the trial court for clarification. Upon remand, the state filed a motion for leave to enter a Nolle Prosequi of Count 2, consistent with the initialed July 31, 2009 plea agreement. The trial court granted the motion and, in accord with our remand, issued a nunc pro tunc entry correcting the error in the November 25, 2014 sentencing entry that mistakenly indicated appellant was convicted of two counts of burglary; the trial court also re-imposed the eight-year sentence on Count 1.

{¶11} After the trial court issued the nunc pro tunc entry, appellant retained counsel, who was permitted to file a supplemental appellate brief. Appellant attached an affidavit to his supplemental appellate brief, attesting he had not been aware of what his plea agreement meant. However, because the affidavit was not part of the trial court record, we cannot consider it on appeal. *See State v. Kiefer*, 11th Dist. Portage No. 97-P-0001, 1997 WL 590150, *2 (Aug. 22, 1997) (citation omitted) ("An appellate court cannot consider an affidavit attached to an appellate brief which was not part of the record submitted to the court of appeals.").

{¶12} Appellant has presented three assignments of error: one in his pro se brief and two in his supplemental brief. We address appellant's assignments of error out of numerical order.

{¶13} Appellant's second assignment of error states:

> The trial court committed prejudicial error in sentencing Mr. Armstrong purportedly in accordance with the Crim.R. 11 Plea

4

Agreement where said agreement was ambiguous and was not construed in favor of Mr. Armstrong where Plea Agreement clearly indicates that the State would Nolle Counts 3 and 2 of the three count indictment and Court erroneously sentenced Mr. Armstrong on two counts.

{¶14} Appellant asserts his written plea agreement is ambiguous and, therefore, this court should construe the writing against the state and hold that appellant pled guilty to Count 1 and that the state nolled Counts 2 and 3. Count 3 was nolled at the time of appellant's original sentence. Following our remand order, the trial court granted the state's motion to nolle Count 2 and issued a nunc pro tunc entry that reflects appellant pled guilty to Count 1 only. This particular argument is therefore moot.

{¶15} Appellant further asserts his plea was not made knowingly, intelligently, and voluntarily, pursuant to Crim.R. 11(C), because the trial court did not review the agreement with appellant. In response, appellee contends the arguments pertaining to appellant's guilty plea are not properly before this court because appellant never raised any issue with his plea in the trial court.

{¶16} "To prevail on an appeal, an appellant must affirmatively demonstrate, through reference to the record of the proceeding before the trial court, that the trial court committed error." *Buckley v. Ollila*, 11th Dist. Trumbull No. 98-T-0177, 2000 WL 263739, *1 (Mar. 3, 2000) (citation omitted); *see also* App.R. 9(B).

{¶17} Appellant has not provided a transcript of the plea hearing by which we could review the trial court's compliance with Crim.R. 11(C). Absent a transcript, we must presume the regularity of the proceedings. *State v. Hundzsa*, 11th Dist. Portage No. 2008-P-0012, 2008-Ohio-4985, ¶18 (citation omitted). It is also worthy of note that appellant was before the trial court on at least three occasions subsequent to his plea

5

hearing. Even though he had a sentencing hearing and two additional plea hearings for his violations of community control, the record does not reflect, and appellant does not contend, that he ever raised any issue with regard to his original plea in the trial court.

{¶18} Appellant next argues the trial court's nunc pro tunc entry was improperly issued because the entry does more than correct a clerical error.

{¶19} Crim.R. 36 permits the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." "'The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action.'" *Hundzsa, supra,* at ¶27, quoting *McKay v. Mckay*, 24 Ohio App.3d 74, 75 (11th Dist.1985). The power of the trial court to enter a judgment nunc pro tunc "'does not extend beyond the power to make the journal entry speak the truth'" and can only be implemented to correct clerical errors. *Id.* "'It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide.'" *Id.*

{¶20} Without a transcript, this court cannot determine what actually occurred at appellant's plea or sentencing hearing. The nunc pro tunc entry clarifies, however, that appellant was only convicted of Count 1 and that the state nolled Count 2 and Count 3, based on the language of the plea agreement. To the extent appellant argues the nunc pro tunc entry does not reflect what transpired at his sentencing hearing, the burden was on appellant to provide a transcript of the hearing to demonstrate the trial court's error. *See* App.R. 9(B).

{¶21} Appellant's second assignment of error is without merit.

{¶22} Appellant's first and third assignments of error state:

6

[1.] The trial court error in finding Mr. Aundre L. Armstrong, in violation of Community Control Sanctions and sending him to prison, when Journal Entry that sentenced Mr. Armstrong, to said Community Control Sanctions is not a valid judgment because it violates Crim.R. 32(C) and Ohio's felony Sentencing provisions.

[3.] The Trial Court committed error where it sentenced Mr. Armstrong to an eight year term of incarceration on violation of probation where the underlying sentence was a void judgment and therefore no violation could have occurred where judgment as void is deemed as a matter of law to be unenforceable.

{¶23} Under these assignments of error, appellant asserts his original sentence was a void judgment. Appellant contends, therefore, that the prison sentence imposed for violating his community control is also void and should be vacated because he could not have violated a void judgment.

{¶24} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1, citing R.C. 2953.08(G)(2).

{¶25} Appellant initially asserts his original sentence was void because it was not entered in accordance with statutorily mandated terms. Appellant appears to maintain that the trial court failed to comply with former R.C. 2929.19(B)(5), now found at R.C. 2929.19(B)(4), by not properly notifying him at sentencing of the specific prison term that could be imposed if he violated community control. The trial court's entry specifically provides, however, that "the Court may impose a prison term of 8 years," and appellant has not provided this court with a transcript of the sentencing hearing. This argument is not well taken.

7

**{¶26}** Appellant further asserts his original sentence was void because the trial court did not impose separate sentences for Counts 1 and 2, but instead "lumped" them together in a single sentence, which is contrary to law.

**{¶27}** In *State v. Saxon*, the Supreme Court of Ohio held that the Ohio felony sentencing statutes do not allow for "sentencing packages" or the imposition of one overarching sentence for multiple offenses. 109 Ohio St.3d 176, 2006-Ohio-1245, ¶8. Judges must consider each offense separately and impose a separate sentence for each offense. *Id.* "[A] sentence is the sanction or combination of sanctions imposed on each separate offense." *Id.* at ¶13. As community control sanctions are criminal penalties subject to Ohio's felony sentencing statutes, pursuant to R.C. 2929.15, they must also be imposed individually for each offense. *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶21 (relying on *Saxon*).

**{¶28}** Here, in the original sentencing entry of October 15, 2009, the trial court imposed one community control sanction and indicated one eight-year prison term may be imposed for a violation of the terms and conditions of community control. It did this while noting there had been a plea to two counts of burglary, which was incorrect. The sentence would have been contrary to law if, in fact, appellant had pled guilty to two counts. Appellant, however, had only pled guilty to one count and was only sentenced on one count. The error in the original sentencing entry was, therefore, the reference to the plea, not the sentence imposed.

**{¶29}** The trial court had subject-matter jurisdiction and imposed appellant's original sentence of community control in accordance with the applicable sentencing statutes. *See* R.C. 2931.03, R.C. 2929.15(A)(1), and R.C. 2929.14(A)(2). Multiple

8

sentences were not imposed on appellant. Therefore, the clerical error with regard to appellant's plea rendered the 2009 judgment voidable, not void. As a result, the trial court had jurisdiction in 2014 to find appellant violated the terms of his community control and impose the previously suspended prison sentence. *See State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶11 (citations omitted).

**{¶30}** Appellant's first and third assignments of error are without merit.

**{¶31}** For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶32}** I respectfully dissent.

**{¶33}** Appellant's appeal stems from the trial court's finding him in violation of his community control sanctions and sending him to prison. I agree with appellant that the trial court erred in denying his pro se motion to vacate and set aside his sentence as the October 15, 2009 judgment which sentenced him to community control sanctions is not a valid judgment because it violates Crim.R. 32(C) and Ohio's felony sentencing provisions.

**{¶34}** "Crim.R. 32(C) provides that '(a) judgment entry of conviction shall set forth the fact of conviction and the sentence.' 'A sentence is a sanction or combination of sanctions imposed for an individual offense.' *State v. Holdcroft*, 137 Ohio St.3d 526,

9

2013-Ohio-5014, * * *, paragraph one of the syllabus, citing *State v. Saxon*, 109 Ohio St. 3d 176, 2006-Ohio-1245, * * *. Thus, a criminal 'conviction' consists of both a finding of guilt and the imposition of a sentence. *See State v. Henderson*, 58 Ohio St.2d 171 * * * (1979).

{¶35} "Ohio's felony sentencing scheme does not allow sentences to be grouped together in a 'sentencing package.' Rather, it requires a judge to impose a separate sentence for each offense, individually. *Saxon*, [*supra,* at] ¶8-9, citing R.C. 2929.11 through 2929.19. The statutory mandate that sentences must be imposed on offenses individually applies to community control sanctions. *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶19-27. Indeed, community control sanctions are criminal penalties subject to the sentencing provisions set forth in R.C. Chapter 2929.

{¶36} "Thus, in *State v. Jones*, 8th Dist. Cuyahoga No. 102314, 2015-Ohio-2409, [the Eighth Appellate District] held that 'it is error for a trial court to sentence a defendant to a single term of community control sanctions for multiple convictions.'" (Parallel citations omitted.) *State v. Blair*, 8th Dist. Cuyahoga No. 102548, 2015-Ohio-5416, ¶7-9, appeal not accepted for review, *State v. Blair*, 145 Ohio St.3d 1470, 2016-Ohio-3028.

{¶37} On October 15, 2009, the trial court imposed community control sanctions on both counts of burglary in a blanket sentence. "Because Crim.R. 32(C) requires the court to impose a separate sentence on each count individually, the court's original sentencing entry is contrary to law. A sentence that does not comply with statutorily mandated terms is void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, * * *, citing *State v. Beasley*, 14 Ohio St.3d 74 * * * (1984)." (Parallel citations omitted.) *Blair, supra,* at ¶11.

10

{¶38} Accordingly, this writer finds the judgment sentencing appellant to community control sanctions is void. This writer further finds the trial court erred in denying appellant's pro se motion to vacate and set aside his sentence.

{¶39} I respectfully dissent.