[Cite as *State v. Lusane*, 2020-Ohio-4106.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0115** |
| MATTHEW M. LUSANE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R2005 TRC 11364.

Judgment:  Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane*, pro se, P.O. Box 1502, 55 East Glenwood Avenue, Akron, Ohio 44309 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Matthew M. Lusane, appeals his conviction for operating a motor vehicle while intoxicated, under R.C. 4511.19(A)(1).  We affirm.

{¶2}    On August 28, 2005, appellant was stopped for driving 80 m.p.h. in a 65-m.p.h. zone.  He was ultimately cited for speeding, operating a vehicle while intoxicated ("OVI"), and two other traffic offenses.

{¶3}    A pretrial conference was held on November 1, 2005 and a report was filed

stating that appellee, the State of Ohio, offered to dismiss the remaining three charges in return for a guilty plea to the OVI. The matter was set for a pretrial on December 27, 2005 and jury trial January 4, 2006.

{¶4} On December 27, 2005, the trial court issued two judgments. One states that appellant entered a guilty plea to the OVI charge and dismisses the remaining counts. The second imposes a 30-day jail term, a driver's license suspension for two years, and a $550 fine and court costs.

{¶5} Thereafter, appellant executed multiple documents acknowledging he had been ordered to pay a fine and court costs as a result of the guilty plea. For example, on December 27, 2005, the date he was sentenced, he signed a computer printout stating that he owed a total of $616. Nine months later, in September 2006, he filed a signed motion requesting a payment plan for the remaining balance from this case and four others. In November 2008, he signed a judgment in which the trial court allowed him to perform community work service in lieu of paying the balance.

{¶6} Beginning in April 2011, appellant filed multiple motions seeking to have his plea vacated on the grounds that the trial court failed to conduct a plea hearing prior to accepting it. All such motions were denied. Then, in February 2019, appellant moved the trial court to issue a revised sentencing entry because the sentencing entry failed to set forth both the fact of conviction and the sentence. The trial court overruled this motion.

{¶7} In *State v. Lusane*, 11th Dist. Portage No. 2019-P-0027, 2019-Ohio-3549, we reversed the trial court's ruling on the motion to revise, holding that the December 27, 2005 sentencing judgment does not satisfy Crim.R. 32(C) because it fails to set forth both the fact of conviction and the sentence. Accordingly, we remanded for trial court to issue

2

a single entry satisfying both requirements. *Id*, at ¶ 5-6.

{¶8} Upon remand, the trial court granted appellant's motion to revise, stated he pled guilty to OVI, found him guilty of OVI, and imposed the same sentence.

{¶9} Appellant appeals raising four assignments of error:

{¶10} "[1.] The trial court erred by entering conviction and sentence absent a plea or trial as required under the United States and Ohio Constitutions.

{¶11} "[2.] The trial court erred by failing to comply with Ohio Crim.R. 22 and 44(C) where appellant never waived his right to counsel.

{¶12} "[3.] The trial court erred by imposing sentence without appellant being present in open court pursuant to Crim.R. 43.

{¶13} "[4.] The trial court erred by failing to comply with Crim.R. 11(D) and Traf.R. 10(C) where appellant never entered a plea at all."

{¶14} Appellant's first and fourth assignments assert related arguments. He contends that his OVI conviction must be reversed because, although a judgment entry states he pled guilty, no plea hearing was held.

{¶15} As noted, the trial court's December 27, 2005 judgment entry states that appellant pled guilty to the OVI charge. Appellant requested a complete transcript, including any plea hearing that may have been held. The court reporter reviewed her records and found she did not take any notes for a hearing involving appellant that day. Therefore, the record does not contain a transcript because one cannot be created. The state argues that the regularity of the trial proceedings must be presumed: i.e., that a change-of-plea hearing was held on that date, that appellant entered a valid guilty plea, and that the trial court accepted it.

3

{¶16} As stated, appellant stands convicted of operating a motor vehicle while intoxicated under R.C. 4511.19(A)(1). Since this conviction was appellant's third OVI offense within six years, it is considered an unclassified misdemeanor. *See* R.C. 4511.19(G)(1)(c) (2004 H 163, eff. 9-24-04). Furthermore, since the trial court could have imposed a prison term of more than six months, a third OVI is a serious misdemeanor offense under Crim.R. 2(C). *See State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 10-11.

{¶17} Before accepting a plea of guilty or no contest in a misdemeanor traffic case involving a serious offense, a trial court is obligated to inform the defendant of the effect of those pleas and determine whether he is entering his plea voluntarily. Traf.R. 10(C). The requirements of Crim.R. 11(D) are identical. Although not applicable here, if a misdemeanor traffic case is a petty offense, the court is no longer required to determine if the guilty or no contest plea is being made voluntarily but is still required to explain the effect of the plea. Traf.R. 10(D).

{¶18} "A judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged. Crim.R. 11 distinguishes between '[p]leas of guilty and no contest in felony cases' (Crim.R. 11[C]), '[m]isdemeanor cases involving serious offenses' (Crim.R. 11[D]), and '[m]isdemeanor cases involving petty offenses' (Crim.R. 11{E]). The requirements placed upon a court take steady steps that culminate in Crim.R. 11(C).

{¶19} "In all cases, the judge must inform the defendant of the effect of the plea. In felony cases and misdemeanor cases involving serious offenses, a judge must also 'addres[s] the defendant personally' and 'determin[e] that the defendant is making the

4

plea voluntarily.'" *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-635, 788 N.E. 2d 635, ¶ 25-26.

{¶20} Prior to *Watkins*, multiple appellate courts had held that in explaining the effect of a guilty or no contest plea to a defendant under Crim.R. 11(E), a trial court was also required to inform him of the four basic constitutional rights being waived as a result of entering the plea. *See Toledo v. Chiaverini*, 11 Ohio App.3d 43, 463 N.E.2d 56, (6th Dist.); *State v. Hileman*, 12th Dist. Butler No. CA96-10-219, 1998 WL 161386, *2 (Apr. 6, 1998); *City of Twinsburg v. Corporate Sec., Inc.*, 9th Dist. Summit No. 17265, 1996 WL 73370, *5 (Feb. 21, 1996). This line of cases further held, consistent with *Boykins v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), compliance with this requirement cannot be presumed from a silent record, and the state has an affirmative duty of showing in the record that a valid waiver of those rights occurred. *See State v. Brown*, 11th Dist. Lake No. 96-L-026, 19997 WL 269316, *3 (May 2, 1997).

{¶21} In *Watkins*, the Supreme Court overruled this line of cases:

{¶22} "In felony cases, the Ohio and United States Constitutions require that a defendant entering a guilty plea be 'informed in a reasonable manner at the time of entering his guilty plea of his rights to a jury trial and to confront his accusers, and his privileges against self-incrimination, and his right of compulsory process for obtaining witnesses on his behalf.' *State v. Ballard* (1981), 66 Ohio St.2d 473, 478, 20 O.O.3d 397, 423 N.E. 2d 115. Crim. R. 11(C) sets forth how a judge should explain those rights to a defendant. However, there are no such constitutionally mandated informational requirements for defendants charged with misdemeanors. The protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic

5

Rules, which deal only with misdemeanor offenses. Accordingly, we find that where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." *Watkins*, 2003-Ohio-2419, at ¶ 28.

{¶23} Therefore, in taking a guilty plea for a serious misdemeanor offense under Crim.R. 11(D) or Traf.R. 10(C), a trial court has no obligation to provide an explanation of the constitutional rights the defendant is waiving by entering a plea. *State v. Dobbins*, 2d Dist. Miami No. 2006-CA-18, 2007-Ohio-1665, ¶ 56. Instead, there are only two requirements a court must satisfy in addressing a defendant: (1) inform him of the effect of the plea, pursuant to Crim.R. 11(B) or Traf.R. 10(B); and (2) determine whether he is making the plea voluntarily.

{¶24} To satisfy the "effect" requirement, a trial court can restate the definition of guilty plea, as delineated in Crim.R. 11(B)(1) or Traf.R. 10(B)(1). *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 677 N.E. 2d 677, ¶ 25. Those provisions define a guilty plea as a complete admission of the defendant's guilt.

{¶25} In regard to the "voluntary" requirement, two points are generally considered in determining whether the defendant is acting voluntarily in entering a guilty plea:

{¶26} "'A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, * * * or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense.'" *State v. Staten*, 7th Dist. Mahoning No. 03 MA 187, 2005-Ohio-1350, ¶ 44,

quoting *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108, fn. 13.

{¶27} Pursuant to *Watkins*, when the underlying case involves misdemeanor offenses, a trial court is not required to inform the defendant of the constitutional rights he is waiving by pleading guilty. Informing of constitutional rights is not required to establish a voluntary plea. To this extent, a guilty plea will be deemed voluntary when the defendant has been informed of the nature of the charged offenses and the maximum penalties involved and has convinced the trial court that his plea is not induced by threats, coercion, or intimidation. *See State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, ¶ 12-13; Crim.R. 11(C)(2)(a).

{¶28} The previously-cited line of cases placed the burden of producing the plea hearing on the state, because it bore the burden of establishing a waiver of constitutional rights. *See Hileman*, 1998 WL 161386, at *2; *Corporate Sec.*, 1996 WL 73370, at *5. Given that a voluntary determination in a serious misdemeanor case does not require a showing that an appellant affirmatively waived constitutional rights, the state has no burden

{¶29} In *State v. Armstrong*, 2017-Ohio-8801, 101 N.E.3d 56 (11th Dist.), the defendant contested the trial court's compliance with Crim.R. 11(C) in accepting his guilty plea as part of his argument that his conviction must be vacated as void. We concluded that the issue could not be addressed, stating:

{¶30} "'To prevail on an appeal, an appellant must affirmatively demonstrate, through reference to the record of the proceeding before the trial court, that the trial court committed error.' *Buckley v. Ollila*, 11th Dist. Trumbull No. 98-T-0177, 2000 WL 263739, *1 (Mar. 3, 2000) (citation omitted); *see also* App.R. 9(B).'

7

{¶31} "Appellant has not provided a transcript of the plea hearing by which we could review the trial court's compliance with Crim.R. 11(C). Absent a transcript, we must presume the regularity of the proceedings. *State v. Hundzsa*, 11th Dist. Portage No. 2008-P-0012, 2008-Ohio-4985, 2008 WL 4384180, ¶ 18 (citation omitted)." *Id.* at ¶ 16-17.

{¶32} Here, the record does not contain a transcript of a December 27, 2005 plea hearing. More importantly, appellant has not provided an App.R. 9(C) statement of the proceedings, which can act as a substitute for a transcript when the transcript is not available. In the absence of confirmation by the trial court through a 9(C) statement as to what actually occurred on December 27, 2005, we must presume the regularity of the trial proceedings. That is, it must be presumed that a plea hearing was held, and the trial court complied with Traf.R. 10(C) in accepting his guilty plea.

{¶33} The first and fourth assignments are without merit.

{¶34} Under his second assignment, appellant maintains that the OVI conviction must be reversed because there is no valid waiver of his constitutional right to counsel. However, appellant acknowledges that he was represented by counsel at all relevant times and that his counsel signed a criminal pretrial report dated December 27, 2005, stating that a plea agreement had been reached. Given that appellant was represented, a waiver was not required.

{¶35} Under his third assignment, appellant contends the trial court violated Crim.R. 43 by imposing his sentence without conducting an oral hearing at which he was present. He notes that upon remand after our decision in *Lusane*, 2019-Ohio-3549, the trial court did not hold a hearing before issuing the final sentencing judgment. However,

in light of our limited holding in the prior appeal, a new hearing was not required. The only act necessary to finish the case was the issuance of a single judgment setting forth the fact of conviction and sentence. Moreover, in the absence of a transcript or an App.R. 9(C) statement of the proceedings, appellant is unable to demonstrate that a hearing was conducted prior to the imposition of his sentence on December 27, 2005. Appellant fails to establish a Crim.R. 43 violation. His third assignment is also without merit.

{¶36} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

9