[Cite as *State v. Lusane*, 2022-Ohio-2198.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

   - v -

MATTHEW M. LUSANE,

        Defendant-Appellant.

CASE NO. 2021-P-0110

Criminal Appeal from the
Municipal Court, Ravenna Division

Trial Court No. 2005 TRC 11364 R

# O P I N I O N

Decided: June 27, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane*, pro se, P.O. Box 465, Ravenna, OH 44266 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Matthew M. Lusane, appeals the denial of his Civ.R. 60(B) motion for relief from judgment without a hearing. We affirm.

{¶2} On August 28, 2005, appellant was stopped for driving 80 m.p.h. in a 65-m.p.h. zone. He was ultimately cited for speeding, operating a vehicle while intoxicated ("OVI"), and two other traffic offenses.

{¶3} A pretrial conference was held on November 1, 2005, and a report was filed stating that appellee, the state of Ohio, offered to dismiss the remaining three charges in return for a guilty plea to the OVI. On December 27, 2005, following pretrial, the municipal

court issued two judgments. One states that appellant entered a guilty plea to the OVI charge and dismisses the remaining counts. The second imposes a 30-day jail term, a two-year driver's license suspension, and a $550 fine plus court costs.

{¶4} Thereafter, appellant executed multiple documents acknowledging he had been ordered to pay a fine and court costs as a result of the guilty plea. For example, on December 27, 2005, the date he was sentenced, appellant signed a computer printout stating that he owed a total of $616. Nine months later, in September 2006, he filed a signed motion requesting a payment plan for the remaining balance from this case and four others. In November 2008, he signed a judgment in which the trial court allowed him to perform community work service in lieu of paying the balance.

{¶5} Beginning in April 2011, appellant filed multiple motions seeking to have his plea vacated on the grounds that the municipal court failed to conduct a plea hearing prior to accepting it. All such motions were denied. Then, in February 2019, appellant moved the municipal court to issue a revised sentencing entry because the sentencing entry failed to set forth both the fact of conviction and the sentence. The municipal court overruled this motion.

{¶6} This court reversed the municipal court's ruling on the motion to revise, holding that the December 27, 2005 sentencing judgment did not satisfy Crim.R. 32(C) because it failed to set forth both the fact of conviction and the sentence. *State v. Lusane*, 11th Dist. Portage No. 2019-P-0027, 2019-Ohio-3549, ¶ 5. Accordingly, we remanded the matter for the trial court to issue a single entry satisfying both requirements. *Id.* at ¶ 6.

2

{¶7} Upon remand, on November 22, 2019, the municipal court granted appellant's motion to revise, stated he pled guilty to OVI, found him guilty of OVI, and imposed the same sentence. On appeal from this entry, appellant contended that his OVI conviction must be reversed because: (1) although a judgment entry states he pled guilty, no plea hearing was held; (2) there was no valid waiver of his constitutional right to counsel; and (3) the municipal court violated Crim.R. 43 by imposing his sentence without conducting an oral hearing at which he was present. We affirmed the judgment in *State v. Lusane*, 11th Dist. Portage No. 2019-P-0115, 2020-Ohio-4106.

{¶8} Subsequently, appellant filed a Civ.R. 60(B) motion seeking relief from judgment. He challenged the municipal court's November 22, 2019 entry for stating that he pled guilty when no hearing was held. In his attached affidavit, appellant contests that he entered a guilty plea, that he was present with counsel, that he gave counsel permission to act as his agent, or that he signed any papers in connection with the case on December 27, 2005. The municipal court denied the motion, and this appeal followed.

{¶9} Appellant asserts two assignments of error, which we consolidate for review:

> [1.] The lower court abused its discretion by denying appellant's Ohio Civil Rule 60 (B) motion.
>
> [2.] The lower court abused its discretion by denying appellant's Ohio Civil Rule 60(B) motion where three judges made three substantive rulings in the 2005 matter without issuing a final appealable order & finding him guilty until 2019.

{¶10} Civ.R. 60(B) may afford a criminal defendant relief from a judgment of conviction via application of Crim.R. 57(B), which provides that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not

3

inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." *See State v. Denihan*, 11th Dist. Ashtabula No. 2016-A-0003, 2016-Ohio-7443, ¶ 19; *see also* Traf.R. 20 (directing to the Rules of Criminal Procedure, which in turn directs to the Rules of Civil Procedure).

**{¶11}** "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." (Citations omitted.) *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.'" *Ivancic v. Enos*, 2012-Ohio-3639, 978 N.E.2d 927, ¶ 70 (11th Dist.), quoting *State v. Underwood,* 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925).

**{¶12}** "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶13}** In his motion, appellant did not identify under which of the enumerated grounds he was seeking relief. Civ.R. 60(B)(5) provides that a court may relieve a party

4

from a final judgment for "any other reason justifying relief." Nevertheless, appellant also failed to provide an explanation for filing the motion nearly sixteen years after the initial sentencing entry and nearly two years after the municipal court issued its November 22, 2019 judgment entry, well beyond the "reasonable time" requirement. For these reasons, we conclude that the municipal court did not abuse its discretion in denying the motion without a hearing.

{¶14} Appellant's assignments of error are not well taken.

{¶15} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

5