[Cite as *State v. Taylor*, 2019-Ohio-4352.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,               :

                                                 No. 108029

    v.                                        :

DEANDRE TAYLOR,                            :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 24, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-628429-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey Schnatter and Anthony T. Miranda, Assistant Prosecuting Attorneys, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Defendant-appellant Deandre Taylor ("Taylor") appeals his sentence and the conditions of his sentence. For the reasons that follow, we reverse and remand for resentencing.

{¶ 2} In 2018, Taylor was charged with six counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). All counts included a furthermore specification, alleging that Taylor was more than four years older than the victim. In November 2018, Taylor pleaded guilty to an amended indictment. He pleaded guilty to two counts of gross sexual imposition, in violation of R.C. 2907.05. The trial court held a sentencing hearing at which it sentenced Taylor to 24 months in prison and ordered him to have no contact with the victim after he was released from prison and on postrelease control.

{¶ 3} During the sentencing hearing, the trial court stated the following as to Taylor's sentence: "So I am going to place you in prison for 24 months. I think that's the appropriate balance under this case, as I understand the facts to be. It could have been 36 months. * * * So the sentence is 24 months. * * * So consecutive sentences." The trial court also made the following findings in support of consecutive sentences:

> [C]onsecutive sentences are necessary to protect the public from future crime or to punish the offender, and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the nature the offender poses to the public. The Court also finds that that — I think it is (D), at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by the multiple offenses were so great or unusual that no single prison term for any of the consecutive sentences offenses committed as part of any course of conduct adequately reflects the seriousness of the offender's conduct. And we have two counts here of the same nature — type of conduct. But given the circumstances that the victim was dealing with, and the knowledge of those circumstances, your conduct in this situation is such that it's not appropriate to run them concurrent to each other, and a single sentence of 18 months, if I gave you the maximum, is inadequate to

deal with the impact on the victim and the nature of her situation, and your knowledge of that situation is such that the sentences should run consecutive to each other.

**{¶ 4}** Taylor now appeals, raising four assignments of error for our review:

I. The trial court's sentence was contrary to law.

II. The trial court erred by imposing a no contact order on the appellant as a condition of his mandatory postrelease control.

III. The trial court erred by imposing consecutive sentences.

IV. The trial court erred in imposing a blanket sentence of twenty-four (24) months.

**{¶ 5}** The state concedes the second and fourth assigned errors and, after a thorough review of the record, we agree that the trial court erred in sentencing Taylor. The fourth assignment of error is dispositive of this appeal; therefore, we will consider it first.

**{¶ 6}** In the fourth assignment of error, Taylor contends that the trial court erred because it imposed a blanket sentence of 24 months in prison.

**{¶ 7}** At the sentencing hearing, the trial court sentenced Taylor to 24 months in prison on two counts of gross sexual imposition and stated that Taylor was receiving a consecutive sentence. But the trial court did not state that it was imposing 12 months on each count and running those counts consecutive to each other. Thus, the trial court imposed a "blanket" sentence.

**{¶ 8}** A "blanket sentence" is not a valid sentence. *State v. Goode*, 8th Dist. Cuyahoga Nos. 106795 and 107436, 2018-Ohio-3594, ¶ 6. A trial court must impose a separate sentence on each count individually. *Id.* "Instead of considering multiple

offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses * * * a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9; *see also Cleveland v. Fano*, 8th Dist. Cuyahoga No. 106135, 2018-Ohio-1407, ¶ 4; *State v. Blair*, 8th Dist. Cuyahoga No. 102548, 2015-Ohio-5416, ¶ 11. The trial court failed to do so in this case when it stated that it was "going to place [Taylor] in prison for 24 months."

{¶ 9} We realize that the trial court set forth a separate sentence of twelve months for each count, to be served consecutively, in the sentencing journal entry. But a journal entry that is compliant with Crim.R. 32(C) cannot cure a deficient sentencing hearing. Again, the state concedes that the sentence was invalid and agrees that the proper remedy is a resentencing hearing.

{¶ 10} Accordingly, Taylor's sentence is vacated and the case is remanded for resentencing. The fourth assignment of error is sustained.

{¶ 11} The disposition of the fourth assignment of error renders the remaining assignments of error, which deal with different aspects of Taylor's sentence, moot. *See* App.R. 12(A)(1)(c).

{¶ 12} Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR