[Cite as *State v. Giancaterino*, 2022-Ohio-2142.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110983 |
| v. | : | |
| TERRY K. GIANCATERINO, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 23, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-656880-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Radigan, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Terry Giancaterino pled guilty to 16 counts — 13 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1) and three counts of illegal use of a minor in nudity-oriented material

or performance in violation of R.C. 2907.323(A)(1). The dates of the offenses ranged from June 15, 2020 through August 15, 2020. All of the offenses were second-degree felonies.[1]

{¶ 2} In accordance with the Reagan Tokes Law, the trial court sentenced Giancaterino to concurrent, indefinite sentences with a minimum term of three years and a maximum term of four years and six months on each count. Defense counsel objected to the trial court's imposition of indefinite sentences under the Reagan Tokes Law as unconstitutional. The trial court also imposed five years of mandatory postrelease control and designated Giancaterino a Tier II sex offender/child victim offender.

{¶ 3} Giancaterino appeals his sentences, arguing that the indefinite sentences imposed under the Reagan Tokes Law are unconstitutional. He raises the following assignment of error for review:

> As amended by the Reagan Tokes Act, the Revised Code's sentences for first and second degree qualifying felonies violates the Constitutions of the United States and the State of Ohio; accordingly, the trial court plainly erred in imposing a Reagan Tokes indefinite sentence.

{¶ 4} Giancaterino contends that the Reagan Tokes Law violates his constitutional right to trial by jury, the separation-of-powers doctrine and due process.

---

[1] As part of the plea agreement, Giancaterino also agreed to forfeit various items listed in Count 23.

**{¶ 5}** The arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). Accordingly, pursuant to *Delvallie*, we overrule Giancaterino's assignment of error.

**{¶ 6}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, J., CONCURS;
SEAN C. GALLAGHER, A.J., DISSENTS (WITH SEPARATE OPINION)


N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).

SEAN C. GALLAGHER, A.J., DISSENTING:

{¶ 7} Although I agree with the majority's determination that the challenges advanced against the constitutional validity of the Reagan Tokes Law should be overruled based on the authority established by this district's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), I must respectfully dissent because the appeal should be dismissed for the lack of a final appealable order. A simple review of the transcript and sentencing entry reflects that the trial court did not impose a separate sentence on each count individually but instead imposed a blanket sentence on "all" counts.

{¶ 8} This court lacks jurisdiction to hear an appeal in the absence of a final, appealable order, and if a trial court fails to impose sentence on each offense for which a defendant is convicted, there is no final appealable order. *See e.g.*, *State v. Goodson*, 8th Dist. Cuyahoga No. 108973, 2020-Ohio-3723, ¶ 8; *Cleveland v. Fano*, 8th Dist. Cuyahoga No. 106135, 2018-Ohio-1407, ¶ 4; *State v. Jones*, 8th Dist. Cuyahoga No. 102314, 2015-Ohio-2409, ¶ 8. Absent clear legislative change or a new interpretation by the Supreme Court, we still sentence by individual counts in Ohio and not by a package. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. "[T]he sentencing judge may not impose one term of incarceration and additional sanctions as to the total number of offenses before him, but must consider each offense separately." *Saxon* at ¶ 14. As this court has previously recognized, "[a] 'blanket sentence' is not a valid sentence. A trial court must impose a separate

sentence on each count individually." *State v. Taylor*, 8th Dist. Cuyahoga No. 108029, 2019-Ohio-4352, ¶ 8, citing *State v. Goode*, 8th Dist. Cuyahoga Nos. 106795 and 107436, 2018-Ohio-3594, ¶ 6; *see also State v. Reed*, 8th Dist. Cuyahoga Nos. 108544, 108629, and 108630, 2020-Ohio-1610, ¶ 11 (recognizing "[b]lanket sentences do not present final, appealable orders; there must be a sentence for each count"), citing *State v. Dumas*, 8th Dist. Cuyahoga No. 95760, 2011-Ohio-2926.

{¶ 9} As applicable to this case, pursuant to R.C. 2929.14(A)(2)(a), for a felony of the second degree, "the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code * * *." Pursuant to R.C. 2929.144(B)(3), because the trial court was ordering all prison terms to run concurrently, the "maximum term" was required to be "equal to the longest of the minimum terms imposed on the offender under [R.C. 2929.14(A)(1)(a) or (2)(a)] for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced." R.C. 2929.144(C) instructs as follows:

> The court imposing a prison term on an offender pursuant to division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall sentence the offender, as part of the sentence, to the maximum prison term determined under division (B) of this section. The court shall impose this maximum term at sentencing as part of the sentence it imposes under section 2929.14 of the Revised Code, and shall state the minimum term it imposes under division (A)(1)(a) or (2)(a) of that section, and this maximum term, in the sentencing entry.

{¶ 10} It is important for trial courts to follow the express dictates of the relevant statutory scheme and adhere to the statutory language therein. It is also imperative for the parties to carefully and timely review the transcript and sentencing entry for compliance with Ohio law.

{¶ 11} In this case, Giancaterino pleaded guilty to 16 counts, all offenses were second-degree felonies, and the offenses occurred from June 15, 2020, through August 15, 2020. The trial court was required to impose a separate sentence on each count to which the defendant pleaded or was found guilty. However, the transcript reflects that did not occur. Rather, the trial court sentenced Giancaterino to a blanket sentence on all counts, stating, "the sentence is going to be three years on all of these counts concurrent. That's the sentence." The trial court further stated, "He is receiving a three-year sentence on 1 through 16." The trial court also stated, "Under this bill called Reagan Tokes, that could be increased by 50 percent" and the assistant prosecutor clarified that "his maximum under Reagan Tokes would be 4.5 years. A range of 3 to 4.5 years." The trial court then informed Giancaterino that "your 3 years under Reagan Tokes can be 4.5 years and you will be sentenced that way * * *."

{¶ 12} Although the trial court may have intended to impose the same prison term on each count and order the sentences to run concurrently, the transcript reflects that the trial court imposed only one term of incarceration as to "all" the offenses and did not separately sentence Giancaterino on each count individually. To avoid such an error, the better practice would be to specify that the same prison

term is being imposed on "each count" or to separately identify each count and the sentence imposed on the individual count.

{¶ 13} The sentencing entry also reflects the trial court's failure to sentence Giancaterino on the individual counts. In the sentencing entry, the trial court imposed "a minimum prison term of 3 year(s) and a maximum prison term of 4 year(s), 6 month(s) on the underlying offense(s). The total stated prison term is 3 years to 4+1/2 years * * *." The trial court ordered "all counts to run concurrent to each other, for a total of 3 years." Although the sentencing entry complies with R.C. 2929.144(C) by stating the minimum term the court imposed under R.C. 2929.14(A)(2)(a) and the maximum term determined under R.C. 2929.144(B)(3), the trial court failed to individually sentence Giancaterino on each count and include the individual sentences imposed in the sentencing entry.

{¶ 14} Accordingly, the appeal should be dismissed for a lack of a final appealable order, and the case should be remanded to the trial court for a resentencing hearing. For these reasons, I dissent.